NOT DESIGNATED FOR PUBLICATION

No. 126,728

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM BROCKELMAN III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Submitted without oral argument. Opinion filed March 8, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

PER CURIAM: William Brockelman III appeals the revocation of his probation, arguing that the district court abused its discretion. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48). The State did not respond to said motion. After reviewing the record, we find no abuse of discretion by the district court and affirm its decision.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2020, Brockelman pleaded no contest to possession of marijuana with the intent to distribute under K.S.A. 2019 Supp. 21-5705(a)(4), (d)(2)(B), a severity level

3 drug felony. Although Brockelman faced presumptive imprisonment, he filed a motion for dispositional departure asking the court to place him on probation. In October 2020, the district court sentenced Brockelman to 49 months' imprisonment and 36 months' postrelease supervision and granted his dispositional departure request, placing him on 24 months' probation. Brockelman was accepted into the drug court program on December 19, 2020, and the terms of his probation required that he follow drug court rules.

In March 2022, the State filed a motion requesting that the district court revoke Brockelman's probation or impose a sanction. The State argued that Brockelman violated a term of his probation which prohibited him from possessing or consuming illegal drugs by testing positive for methamphetamine twice that month. It also pointed out that in breach of drug court rules, Brockelman missed a treatment appointment with his counselor, failed to attend mandatory treatment groups, and failed to report to drug court as directed. The State attached an affidavit from a community corrections intensive supervision officer (ISO) testifying to these violations.

In addition to those allegations, the ISO's affidavit mentioned that Brockelman had previously violated his probation by breaking curfew, testing positive for drugs, and missing treatment sessions and drug tests. Those violations were addressed by drug court, and Brockelman served several jail sanctions for them, including a 3-day jail sanction, two 7-day jail sanctions, and a 28-day jail sanction, in additional to other jail sanctions.

On March 28, 2022, the district court issued a bench warrant for the allegations made in the ISO's affidavit. That warrant was served over a year later in July 2023.

On July 17, 2023, the district court held a hearing to address Brockelman's alleged probation violations. At the hearing, Brockelman stipulated to the violations contained in the affidavit. The court accepted Brockelman's stipulation, finding that he violated the terms of his probation.

The district court then heard arguments from Brockelman, the State, and Brockelman's attorney regarding the disposition of the case considering the violations. Brockelman apologized to the court for his crimes and behavior. Brockelman explained he ran away because he felt revocation of his probation was inevitable, and he regretted not turning himself in before he was arrested. Brockelman maintained he was now clean and felt that he was a "completely different person."

The State argued Brockelman's probation should be revoked because he was not amenable to probation. It pointed out he was only on probation because the court granted him a dispositional departure. The State also asserted Brockelman failed to thrive in drug court, citing the ISO's affidavit which mentioned that drug court had previously addressed several probation violations.

Brockelman's attorney supported Brockelman's remarks to the court, and suggested Brockelman had "grown and is in a better position now."

After taking these arguments under consideration, the district court revoked Brockelman's probation and ordered him to serve his underlying prison sentence. The court noted Brockelman repeatedly violated his probation while participating in drug court, which resulted in a substantial number of sanctions. And it mentioned Brockelman's unfortunate decision to abscond for well over a year before he was arrested in connection with these violations. The district court ultimately reasoned that because Brockelman was given a departure sentence, and because he had been given the opportunity of the drug court program, it was appropriate to revoke his probation and require him to serve his original prison sentence.

Brockelman appeals.

ANALYSIS

Brockelman argues the district court erred by revoking his probation. But once the district court determines an offender has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court will not reverse the district court's decision to revoke probation for abuse of discretion unless no reasonable person would agree with it or if it is based on a legal or factual error. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). As the party asserting the district court abused its discretion, Brockelman bears the burden to establish such abuse. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Brockelman claims the district court abused its discretion by revoking his probation but does not identify how it did so. Brockelman admitted to violating the terms of his probation, so the facts are not in dispute. And, he acknowledges the court had the authority to revoke his probation in its discretion because the court granted him probation through a dispositional departure. See K.S.A. 2022 Supp. 22-3716(c)(7)(B) (district court may revoke probation without imposing intermediate sanctions when probation is the result of a dispositional departure). The district court made no legal or factual errors in its decision to revoke.

And the record clearly reflects Brockelman has been unsuccessful on probation. In addition to the most recent violations to which he stipulated, Brockelman violated his probation several times before by disobeying curfew, missing drug tests and treatment sessions, and other reasons which were addressed in the drug court program. Brockelman received several jail sanctions for these violations yet continued to violate the terms of his probation. Under these circumstances, a reasonable person could agree with the district

4

court's decision to revoke Brockelman's probation and order him to serve his prison sentence.

Finding no legal or factual error in the district court's decision, and finding a reasonable person could agree, we affirm the district court's revocation of Brockelman's probation and its order for him to serve his underlying prison sentence.

Affirmed.